IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MICHAEL ANTHONY DAWSON, | : |
| Plaintiff | : |
| VS. | : |
| | : CIVIL No: 7:15-CV-0214-HL-TQL |
| MARTY ALLEN, et al, | : |
| Defendants | : |

## ORDER

Plaintiff Michael Anthony Dawson filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in this action without prepayment of any portion of the required $350.00 filing fee.

### I.   Motion for Leave to Proceed *in forma pauperis*

When filing his Complaint, Plaintiff submitted a motion for leave to proceed *in forma pauperis*. The United States Magistrate Judge granted the motion, but found that Plaintiff could possibly pre-pay at least a small portion of the filing fee. Plaintiff was thus ordered to pay an initial partial filing fee of $23.30. Plaintiff has now responded to that order and explains that he does not have funds in his account to make the partial payment, nor does he know when his family may deposit additional funds.

Based on this information, the Court now finds that Plaintiff is unable to pay any portion of the filing fee. He will thus now be **GRANTED** leave to proceed *in forma pauperis* without payment of the partial filing fee required in 28 U.S.C. § 1915(b).

## II. Preliminary Review

### A. Standard of Review

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr.*, 618 F. App'x 655, 656

(11th Cir. 2015) (quoting *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1320 (11th Cir. 2006). *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001).

### B.  Plaintiff's Complaint

The present action arises from Plaintiff's confinement in multiple prisons within the Georgia Department of Corrections.  Plaintiff alleges that he suffers from a medical and/or dental problem that causes him to suffer extreme pain.  Plaintiff has apparently endured this condition since 2009, repeatedly requested medical and dental treatment, and filed administrative grievances for prison officials, but received "negative" responses. Thus, despite Plaintiff's numerous grievances, he has still not received treatment. Plaintiff has therefore brought the present civil rights action against Defendants Allen, Lewis, Moody, and Emmons for violation of his rights under the Eighth Amendment.

Even when read in his favor, however, Plaintiff's allegations do not state an Eighth Amendment claim against Defendants. To state a claim for inadequate medical care, a plaintiff must allege facts to show (1) that his medical need was objectively serious; (2) that the defendant was aware of a serious risk of harm if medical treatment was not immediately provided; and (3) that the defendant disregarded the risk of serious harm through conduct that was more than mere negligence.  *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003).  In this case, despite the Magistrate Judge's clear order directing Plaintiff to supplement his complaint with more specific allegations against each defendant, *see* Order, Dec. 1, 2015, ECF No. 5, Plaintiff still does not allege facts sufficient to connect Defendants to a constitutional violation.  His allegations do not show that Defendants were *personally* aware of a serious risk of harm to

Plaintiff or that Defendants disregarded such a risk through conduct that was more than mere negligence.   Plaintiff only alleges that he filed multiple requests and grievances and has thereby brought his needs to the attention of Defendants Allen, Lewis, and Emmons.

A supervisory prison official – whose only role in a constitutional violation was a failure to act in response to the plaintiff's grievance – will not be held liable under § 1983 on the theory that failure to act constituted acquiescence in the unconstitutional conduct. *Grinter v. Knight*, 532 F.3d 567 (6th Cir.2008).   *See also Shehee v. Luttrell*,199 F.3d 295, 300 (6th Cir. 1999) (no liability for officials who denied administrative grievances and failed to act on allegations), cert. denied, 530 U.S. 1264 (2000); Asad v. Crosby, 158 F. App'x 166, 170–72 (11th Cir. 2005) (no liability for official who denied grievances because record failed to show participation or a causal connection).   Nor may they be held liable for the unconstitutional acts of their subordinates absent evidence of a causal link between the supervisor and a constitutional deprivation. *See LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   *See also e.g*., Averhart v. Warden, 590 F. App'x 873, 874 (11th Cir. 2014) ("Averhart's contention that . . . defendants are legally responsible for his safety is just a legal conclusion: it is not a meaningful factual allegation and, therefore, is insufficient to preclude dismissal.").   Plaintiff's allegations do not create a reasonable expectation that discovery would reveal evidence of the requisite cause connection.

Although he is also named as a defendant in this action, Plaintiff makes no allegations against Dr. Moody – and does not even mention Moody in his Supplement (ECF No. 9).   A complaint plainly fails to state a claim when it does not to allege facts connecting the defendants with a constitutional violation.   *See Douglas v. Yates*, 535 F.3d

1316, 1322 (11th Cir. 2008) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1234, at 381–85 (3d ed 2004).

The Court therefore finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint is accordingly **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1).

**SO ORDERED**, this 26th day of February, 2016.

*s/ Hugh Lawson*_____
HUGH LAWSON, SENIOR JUDGE